UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| OHIO SECURITY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>LOLOSA LLC d/b/a RALPH PICCOLO PIZZA, ANTHONY A. PIER, ADELA IACOVO and PROGRESSIVE GARDEN STATE INSURANCE COMPANY,<br><br>Defendants | Civil Action No.<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

Plaintiff Ohio Security Insurance Company (hereinafter "Ohio Security"), by and through its attorneys Connell Foley LLP, brings this action against Defendants Lolosa LLC, Anthony A. Pier, Adela Iacovo and Progressive Garden State Insurance Company and alleges as follows:

## INTRODUCTION

1.  Ohio Security issued a Commercial Protector insurance policy to Defendant Lolosa LLC for the period September 15, 2016 to September 15, 2017 under policy no. BZS (17) 56 31 49 10 (hereinafter the "Ohio Security policy"). On April 22, 2017 Defendants Anthony A. Pier and Adela Iacovo were involved in a motor vehicle accident. Defendant Pier was operating his automobile at the time of the accident as an employee of Defendant Lolosa LLC and was in the course of

his employment at the time of the accident.  Defendant Pier was, upon information and belief, insured for the accident by Defendant Progressive Garden State Insurance Company.

2. An actual controversy presently exists between Ohio Security and Defendants, as to whether the Ohio Security policy affords coverage to Defendants Lolosa LLC and Anthony A. Pier for the claims against them alleged in a suit filed by Defendant Iacovo.  Ohio Security brings this action to obtain a declaration of its rights under the Ohio Security policy in order to fairly and expeditiously address the issues set forth herein.

## PARTIES

3. Ohio Security is a corporate entity organized under the laws of the State of New Hampshire with its principal place of business at 175 Berkeley Street, Boston, Massachusetts.

4. Defendant Lolosa LLC (hereinafter "Lolosa") is, upon information and belief, a limited liability company organized under the law of New Jersey with its principal place of business at 312 Union Avenue, Paterson, New Jersey 07502.

5. Defendant Anthony A. Pier (hereinafter "Pier") is, upon information and belief, a New Jersey citizen residing in New Jersey.

6. Defendant Adela Iacovo (hereinafter "Iacovo") is, upon information and belief, a New Jersey citizen residing at 89 Lee Avenue, Haledon, New Jersey.

7. Defendant Progressive Garden State Insurance Company (hereinafter "Progressive") is, upon information and belief, a New Jersey corporation authorized to conduct the business of insurance in New Jersey at all relevant times.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, inasmuch as the parties have diverse citizenship and the alleged sum or value in controversy, exclusive of interests and costs, exceeds the amount of $75,000.

9. This Court has personal jurisdiction over Lolosa as a New Jersey limited liability corporation with its principal place of business in New Jersey.

10. This Court has person jurisdiction over Pier and Iacovo because their automobiles were involved in an accident in the State of New Jersey and because both reside in New Jersey.

11. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2), inasmuch as a substantial part of the events or omissions given rise to this action took place in this District.

## FACTUAL ALLEGATIONS

12. By Complaint filed March 16, 2018 Iacovo alleges that on April 22, 2017 she was a passenger in a vehicle traveling east on Crosby Avenue in Paterson, New Jersey. Palmina Antonuccio was driving the vehicle in which

Iacovo was passenger. The Antonuccio vehicle was struck by a vehicle operated by Pier. As a result of the accident Iacovo alleges that she sustained severe and permanent bodily injury, great pain and permanent disabilities. The Complaint further alleges that Pier was operating his vehicle as the agent, servant and/or employee of Lolosa at the time of the accident. The Complaint asserts claims against Pier and Lolosa for damages to Iacovo arising from the accident. The suit filed by Iacovo is pending in the Superior Court of New Jersey, Law Division, Passaic County, Docket No. PAS-L-000926-18 (hereinafter referred to as the "Iacovo suit").

13. Lolosa notified Ohio Security of the Iacovo suit and explained to Ohio Security that Pier was not an employee of Lolosa at the time of the accident. Based on this representation, Ohio Security retained defense counsel for Lolosa without reservation in connection with the Iacovo suit.

14. On December 3, 2018 Ohio Security learned for the first time that Pier was in fact an employee of Lolosa and was acting within the course and scope of his employment at the time of the accident that is the subject of the Iacovo suit. Based on this new information Ohio Security issued a reservation of rights letter dated December 10, 2018 to Lolosa, reserving Ohio Security's rights to deny coverage and initiate a declaratory judgment action. Ohio Security advised Lolosa that it reserved its rights to withdraw from the defense being provided to Lolosa

should it be determined that Ohio Security has not further obligation to defend Lolosa. A true and complete copy of the correspondence of December 10, 2018 from Ohio Security to Lolosa is attached as Exhibit A to this Complaint.

## POLICY PROVISIONS

15. The Ohio Security policy provides as follows:

    **BP 00 03 07 13 - Businessowners Coverage Form**

    SECTION II - LIABILITY

    A.  Coverages

        1.  Business Liability

            a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages . . .

    * * *

    B.  Exclusions

        1.  Applicable to Business Liability Coverage

            This insurance does not apply to:

            g.  Aircraft, Auto Or Watercraft

                "Bodily injury" or "property damage" arising out of the ownership,

>> maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading."
>> This exclusion applies even if the claims allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by an insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated by or rented or loaned to any insured.

* * *

C. Who Is An Insured

   1. If you are designated in the Declarations as:

      c. A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

   2. Each of the following is also an insured:

      a. Your "volunteer workers" only while performing duties related to your business or your "employees" other than either your "executive officers" (if you are an organization other than

-6-

>> a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company) but only for acts within the scope of their duties related to the conduct of your business . . .

> \* \* \*

> **C.  Concealment, Misrepresentation Or Fraud**
>
> This policy is void in any case of fraud by you as it relates to this policy at any time. It is also void if you or any other insured, at any time, intentionally conceals or misrepresents a material fact concerning:
>
> **1.** This policy;
> **2.** The Covered Property;
> **3.** Your interest in the Covered Property; or
> **4.** A claim under this policy.

## COUNT ONE

## DECLARATORY JUDGMENT

16.   Ohio Security repeats and realleges each of the allegations contained in Paragraphs 1 through 15, including any and all subparts, as though fully set forth herein.

17.   An actual case or controversy exists among the parties as to the right to coverage of Lolosa and Pier under the Ohio Security policy in connection with the Iacovo suit.

18.  Ohio Security has no obligation to defend or indemnify Lolosa for all claims asserted against it in the <u>Iacovo</u> suit because Pier was an employee of Lolosa operating his vehicle in the course of employment at the time of the accident.  The Ohio Security policy excludes coverage, by exclusion (g.), for bodily injury arising out of the use of any "auto" operated by an insured.  As an employee of Lolosa at the time of the accident, Pier is an "insured" under the Ohio Security policy.  Lolosa was operating the vehicle at the time of the accident when its employee, Pier, was driving that vehicle in the course of his employment.  The exclusion bars coverage to both Lolosa and Pier in connection with the <u>Iacovo</u> suit.

19.  Pursuant to the Declaratory Judgments Act, 28 U.S.C. § 2201 et seq., Ohio Security seeks a judicial determination that Lolosa and Pier are not covered under the Ohio Security policy in connection with the <u>Iacovo</u> suit.  Both Lolosa and Pier are excluded from coverage under the Ohio Security policy by application of exclusion (g.) barring coverage for bodily injury arising out of the use of an "auto" operated by an insured.

## COUNT TWO

## DECLARATORY JUDGMENT - MISREPRESENTATION

20.  Ohio Security repeats and realleges each of the allegations contained in Paragraphs 1 through 19, including any and all subparts, as though fully set forth herein.

21. Pleading alternatively, if the Ohio Security policy is not declared to exclude coverage for Lolosa and Pier in connection with the <u>Iacovo</u> suit based on application of exclusion (g.), Ohio Security contends that that a material misrepresentation made by Lolosa eliminates coverage under the Ohio Security policy for Lolosa in connection with the <u>Iacovo</u> suit.  Lolosa notified Ohio Security of the <u>Iacovo</u> suit and thereafter represented to Ohio Security that Pier was not an employee of Lolosa at the time of the accident.  Based on this representation, Ohio Security retained defense counsel to defend Lolosa in connection with the <u>Iacovo</u> suit.  Recent facts demonstrate that the representation by Lolosa that Pier was not an employee was false and fraudulent.

22. Ohio Security considered the representation by Lolosa that Pier was not an employee of Lolosa at the time of the accident as a critical fact in determining coverage.  Based on that representation Ohio Security provided an unreserved defense to Lolosa in connection with the <u>Iacovo</u> suit.  The representation made by Lolosa was material and later shown to be a misrepresentation.  The Ohio Security policy does not cover Lolosa in connection with the <u>Iacovo</u> suit, based on the intentional misrepresentation of material fact concerning Pier's role in the accident resulting in the <u>Iacovo</u> suit.  The misrepresentation by Lolosa eliminates coverage for Lolosa under the Ohio

Security policy in connection with Iacovo suit pursuant to Condition (C) of the policy.

### COUNT THREE

### DECLARATORY JUDGMENT – PROGRESSIVE

23. Ohio Security repeats and realleges each of the allegations contained in Paragraphs 1 through 22, including any and all subparts, as though fully set forth herein.

24. Pier is insured by a policy of automobile insurance coverage issued by Progressive for the vehicle he was driving at the time of the accident. Progressive appointed counsel to defend Pier in connection with the Iacovo suit and, upon information and belief, the defense of Pier continues in that suit. Upon learning of the Progressive insurance policy, Ohio Security tendered the defense of Lolosa to Progressive based on Lolosa's status as an "insured" under the Progressive policy issued to Pier.

25. Progressive denied that it owes coverage to Lolosa in connection with the Iacovo suit. This denial was conveyed to Ohio Security with the explanation that Progressive does not owe coverage to Lolosa because the $15,000 limit of the Progressive policy has been paid in to court in the Iacovo suit.

26. An actual and justiciable controversy exists between Ohio Security and Progressive concerning their respective rights and obligations, if any, concerning defense and indemnification of Lolosa with respect to the <u>Iacovo</u> suit.

27. Ohio Security seeks a judicial determination from this Court declaring whether and to what extent the Progressive policy covers Lolosa in the <u>Iacovo</u> action for the defense of Lolosa and indemnification of any liability imposed on Lolosa.

## **PRAYER FOR RELIEF**

WHEREFORE, Ohio Security respectfully requests that the Court enter judgment against Defendants for the following relief:

(A) Declaring that the Ohio Security policy does not cover Lolosa in connection with the <u>Iacovo</u> suit.

(B) Declaring that the Ohio Security policy does not cover Pier in connection with the <u>Iacovo</u> suit.

(C) Declaring that the current defense of Lolosa under the Ohio Security policy is hereby terminated.

(D) Declaring that Progressive is obligated to defend Lolosa in the <u>Iacovo</u> suit and declaring that Progressive is responsible to reimburse Ohio Security for past defense costs of Lolosa in that suit.

(E) For any and all declarations not expressly requested herein regarding the rights and duties of the parties that are necessary for the resolution of this matter.

(F) An award of Ohio Security reasonable attorneys' fees and costs of this suit, and such other relief as this court deems just, proper and equitable.

**CONNELL FOLEY LLP**

Dated: February 12, 2019    By: /s/ *William P. Krauss*
William P. Krauss
Connell Foley LLP
56 Livingston Avenue
Roseland, NJ 07068
Tel.: 973.535.0500
Fax.: 973.535.9217
*Attorneys for Plaintiff*
*Ohio Security Insurance Company*

## **CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2**

I certify that to the best of knowledge, this matter is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding other than the matter <u>Adela Iacovo v. Anthony A. Pier, Lolosa LLC t/a Ralph Piccolo's Pizza, Palmina Antonuccio, et al.</u>, currently pending in the Superior Court of New Jersey, Passaic County, Docket PAS-L-926-18.


Dated:  February 12, 2019                         /s/ *William P. Krauss*
                                                              William P. Krauss